IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Reed, *et al.*,           )
                                  )
                Plaintiffs,       )   Case No. 1:02-CV-586
                                  )
      vs.                         )
                                  )
Cinergy Corporation,              )
                                  )
                Defendant.        )

<u>Memorandum and Order</u>

This matter is before the Court upon Defendant's motions for summary judgment with respect to all claims of the Plaintiffs.  Plaintiffs are four current and former employees of Cinergy Corporation or its subsidiary CG&E.[1]  All Plaintiffs are African-American men, and all claim racial discrimination in the forms, variously, of discriminatory failure to promote, disparate treatment in the bidding process for jobs and/or in discipline, racially hostile work environment, and discriminatory or retaliatory discharge.  They assert their claims pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.

---

[1]One basis for Defendant's motions is that Plaintiffs have named Cinergy Corporation as Defendant, while their employer is CG&E.  Plaintiffs have identified a number of legitimate bases for their belief, whether or not correct, that they were employed by Cinergy Corporation.  Defendant has not argued that it has been prejudiced in any fashion by the misidentification of the employer in this case.  Accordingly, the Court will not grant summary judgment on the basis of that possible misidentification and hereby **DEEMS** the complaint to be amended to include CG&E as a defendant.

The Court will identify the relevant facts, as they have been identified by the parties in their memoranda in support of and opposing Defendant's motions for summary judgment, in the subsections of this Memorandum and Order addressing their individual claims.  The Court approaches the facts in that manner primarily because the allegations in this action have metamorphosed in the years since its initiation, and the facts on which Plaintiffs now rely are different in various regards.  To the extent that a fact is relevant to the Court's legal analysis, it will be included in the context of the analysis.  The Court will apply the following standards in its consideration of Defendants' motions.

A. <u>The Summary Judgment Standards</u>

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The evidence presented on a motion for summary judgment is construed in the light most favorable to the non-moving party, who is given the benefit of all favorable inferences that can be drawn therefrom.  <u>United States v. Diebold, Inc.</u>, 369 U.S. 654 (1962).  "The mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly

2

supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original).

The Court will not grant summary judgment unless it is clear that a trial is unnecessary. The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id.

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 472 (1962). "[T]he issue of material fact required by Rule 56(c) . . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial." First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), the United States Supreme Court

3

has stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id. at 323; Anderson, 477 U.S. at 250.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Significantly, the Supreme Court also instructs that the "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence. Id.; Anderson, 477 U.S. at 250. Rule 56(e) requires the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id.

Further, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or similar materials negating the opponent's claim. Id. Rule

4

56(a) and (b) provide that parties may move for summary judgment "with or without supporting affidavits."  Accordingly, where the non-moving party will bear the burden of proof at trial on a dispositive issue, summary judgment may be appropriate based solely on the pleadings, depositions, answers to interrogatories, and admissions on file.

    B.  <u>Analysis</u>

        1.  Failure to Promote (Plaintiffs Angel, Reed, and Goines)[2]

           a.  The *prima facie* case

Plaintiffs do not offer direct evidence of discrimination.  Accordingly, they must identify evidence sufficient to meet their *prima facie* burdens under the <u>Burdine</u> burden-shifting model.  <u>See</u> <u>Texas Dept. of Community Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981); <u>LaPointe v. United Autoworkers Local 600</u>, 8 F.3d 376, 379 (6th Cir. 1993)(citing <u>Ang v. Proctor & Gamble Co.</u>, 932 F.2d 540, 549 (6th Cir. 1991)).  In this circuit, in order to establish a *prima facie* case of discrimination in the context of a failure to promote, any of the Plaintiffs must establish each of the following essential elements:

---

[2] Plaintiff Minor admits that he cannot identify evidence in support of his failure to promote claim and that Defendant is entitled to summary judgment with respect thereto.

5

(1)   that he belongs to a protected class;

(2)   that he was qualified for and applied for a promotion;

(3)   that he was considered for and denied the promotion; and

(4)   that an individual of similar or lesser qualifications who was not a member of the protected class received the job at the time the Plaintiff's request for the promotion was denied.

See Nguyen v. Cleveland, 229 F.3d 559, 562-63 (6th Cir. 2000). The same standards are applied to Plaintiffs' claims under 42 U.S.C. § 1981.  See Wade v. Knoxville Utilities Bd., 259 F.3d 452, 464 (6th Cir. 2001).

### i.  Plaintiff Angel

Plaintiff Angel asserts a failure-to-promote claim on the basis of various failures on Defendant's part to promote him out of a pool of redeployed employees.  He asserts that Defendant promoted three white employees who, like Plaintiff Angel, were Manual Technicians in the redeployment pool, to Materials Specialist A positions in 2000.  He satisfies the first prong of the *prima facie* case by virtue of his racial class.  He has identified some evidence that tends to suggest that he may have applied for and been considered for the Materials Specialist A positions for which two of the Caucasian employees were selected.

6

Defendant selected Terry Joseph Moorman and Dannie Long for those positions.  The third position, however, was filled by Caucasian employee Jackie Richey.  As Defendant observes in its reply memorandum, Plaintiff has not identified evidence that tends to show that he applied for the position filled by Jackie Richey.  Accordingly, he cannot satisfy the second prong of the *prima facie* case with respect to that position.

The Materials Specialist A position to which Messrs. Moorman and Long were promoted was one which Plaintiff had previously performed, and for which he was presumptively qualified.  He, thus, satisfies, for purposes of responding to a motion for summary judgment, the second and third prongs of the *prima facie* case as regards those two Materials Specialist A positions.  Finally, Plaintiff has identified evidence that tends to suggest, albeit scantily, that he was as qualified as both Mr. Moorman and Mr. Long for the position, thus satisfying, for summary judgment purposes, the fourth prong of the *prima facie* case.  The Court concludes, therefore, that Plaintiff Angel may be able to establish a *prima facie* case of discrimination in Defendant's failure to promote him to two Materials Specialist A positions in 2000.

ii.  Plaintiff Reed

Plaintiff Reed asserts a discriminatory failure to promote claim on the basis of Defendant's failure to promote him to the position of Work Coordinator/Field Supervisor in 2003. Two such vacancies were filled, one by an African-American and one by a Caucasian, Charles Allen.

Plaintiff Reed satisfies the first prong of the *prima facie* case by virtue of his racial class. Defendant selected him for an interview for the position, suggesting that he was at least minimally qualified for the position. He, therefore, may satisfy the second prong of the *prima facie* case. Defendant selected others for the position. The third prong is also satisfied. Plaintiff has failed, however, to identify evidence suggesting that he was at least as qualified for the position as was the Caucasian employee Defendant selected. In that regard, Plaintiff Reed identifies only his own deposition testimony, which is not probative of the matter. The Court concludes, therefore, that Plaintiff Reed is unable to establish a *prima facie* case of discrimination in Defendant's failure to promote him to Work Coordinator/Field Supervisor in 2003. Defendant is entitled summary judgment with respect to that claim.

### iii.  Plaintiff Goines

Plaintiff Goines asserts discriminatory failure to promote claims on the basis of six failures by Defendant to

promote him. With respect to Defendant's failure to promote him to T&D Operations Analyst in March 2001, Plaintiff Goines satisfies the first prong of the *prima facie* case by virtue of his racial class. He has also identified evidence in satisfaction of the second and third prongs. Defendant concedes that Plaintiff may have been minimally qualified, although he did not, in the opinion of the resume-screener, possess qualifications similar to those of the interviewed candidates, giving rise to at least an inference that he was qualified. Defendant did consider Plaintiff Goines, at least perfunctorily, for the position, and it denied him the position. The fourth prong of the *prima facie* case is the locus of the dispute with respect to the T&D Operations Analyst position.

Defendant observes that Plaintiff Goines' resume did not demonstrate conclusively that his experience satisfied some of the requirements of the position as posted. Plaintiff observes, on the other hand, that the resume-screener has testified that he could not determine by looking at the resumes of the two selected candidates, Tom Maltry and Rickey Ramsey, whether they possessed all of the required qualifications. The Court is persuaded that Plaintiff may be able to demonstrate that ascertainable possession of every identified qualification was not a requirement for the position, or, at the least, a requirement to secure an interview for the position. If so, he

9

may also persuade a jury that his resume was at least as indicative of qualification for the position in question as were those of Messrs. Maltry and Ramsey.  Accordingly, he may be able to establish a *prima facie* case of discrimination in Defendant's failure to promote him to T&D Operations Analyst in March 2001.

Plaintiff Goines' second failure-to-promote claim is based upon Defendant's failure to promote him to Hourly Scheduler in June 2001.  Again, Plaintiff Goines has identified evidence in satisfaction of each of the prongs of the *prima facie* case.

The first prong is satisfied by virtue of his racial class.  The second is satisfied by evidence that Defendant considered him minimally qualified for the position.  The third prong is satisfied by evidence that Defendant considered Plaintiff Goines, at least perfunctorily, for the position but did not promote him.  The fourth prong is, again, the subject of considerable dispute.

Plaintiff contends that he possessed greater relevant experience than did the selected candidate, Rylan Peters. Defendant is silent on that point.  On the other hand, Defendant observes that Mr. Peters possessed superior educational qualifications.  In the light of their respective strengths, Messrs. Peters and Goines may have been similarly qualified on balance.  The Court is persuaded that Plaintiff Goines may be able to establish a *prima facie* case of discrimination in

10

Defendant's failure to promote him to Hourly Specialist in June 2001.

Plaintiff Goines' third failure-to-promote claim is based upon Defendant's failure to promote him to Store Supervisor in July 2001.  While Plaintiff may be able to establish the first three prongs of the *prima facie* case as regards that position, the Court concludes that he has not identified evidence in support of the fourth.

Plaintiff has identified evidence suggesting that Defendant considered him for the position, considered him to be at least minimally qualified, and denied him the promotion. Plaintiff has not identified evidence suggesting that he was similarly qualified as the Caucasian individual, Melvin Whalen, whom Defendant selected.  Plaintiff attempts to shift the burden to Defendant to demonstrate that Mr. Whalen had superior qualifications, but the burden is his to offer proof that he matched Mr. Whalen's relevant warehouse work experience.  He offers argument, but not evidence, in that regard.  The Court concludes, therefore, that Plaintiff Goines has not demonstrated that he is able to establish a *prima facie* case of discrimination in Defendant's failure to promote him to Store Supervisor in July 2001.  Defendant is entitled to summary judgment with respect to that claim.

11

Plaintiff Goines' fourth failure-to-promote claim is based upon Defendant's failure to promote him to Supervisor, Engineering Support in August 2001.  Plaintiff has identified evidence in support of the first three prongs of the *prima facie* case as regards that position.  He has not, however, attempted to identify evidence in support of the fourth.

As an African-American individual, Plaintiff satisfies the first prong.  Evidence that Defendant considered him to be at least minimally qualified for the position and interviewed, but did not hire, him satisfies the second and third prongs. Plaintiff has not, however, identified evidence with respect to the relative qualifications of the selected Caucasian employee, Ray Schindler.  He has not, therefore, demonstrated that he is able to satisfy the *prima facie* case of discrimination in Defendant's failure to promote him to Supervisor, Engineering Support in August 2001.  Defendant is entitled to summary judgment with respect to that claim.

Plaintiff Goines' fifth and sixth failure-to-promote claims are based upon Defendant's failure to promote him to Coordinator T&D C&M and Specialist, Joint Use Facilities in August 2005.  While Plaintiff has identified evidence in satisfaction of the first and second prongs of the *prima facie* case, he cannot satisfy the third.

12

Plaintiff has identified evidence that tends to show that his wife submitted his applications for the two positions via the Internet.  Defendant has represented that it did not receive or consider those applications.  Plaintiff has not attempted to prove that Defendant did receive his applications. He cannot, therefore, prove that Defendant considered him for the positions.  Defendant is, therefore, entitled to summary judgment with respect to Plaintiff Goines' claims of discrimination based upon Defendant's failure to promote him to Coordinator T&D C&M or Specialist, Joint Use Facilities in August 2005.

The Court observes that the two claims as to which Plaintiff Goines has identified evidence in support of each of the prongs of the *prima facie* case are based upon incidents that occurred more than 300 days before he filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  Defendant moved for summary judgment with respect to those claims, to the extent that they are asserted under Title VII.  See, e.g., Janikowsi v. Bendix Corp., 823 F.2d 945, 947 (6th Cir. 1987).  Plaintiff Goines has not opposed Defendant's motion on that basis.  The Court concludes that his Title VII claims based upon the two failures-to-promote are time-barred, and Defendant is entitled to summary judgment with respect to those claims on that basis.  The parallel § 1981 claims are

subject to a four-year statute of limitations and are timely.

See Jones v. R.R. Donnelley & Sons, Inc., 541 U.S. 1845 (2004).

       b. Legitimate reasons and pretext

      Because Plaintiffs Angel and Goines may be able to establish a *prima facie* case of race discrimination in Defendant's failure to promote them to one or more positions, the burden shifts to Defendant to articulate legitimate, non-discriminatory reasons for its failure to promote Plaintiffs to those positions. See Burdine, 450 U.S. at 253; Furnco Construction Corp. v. Waters, 438 U.S. 567, 577 (1978); Wrenn v. Gould, 808 F.2d 493 (6th Cir. 1987). The burden of persuasion, however, remains at all times upon Plaintiffs. See Burdine, 450 U.S. at 256; Haynes v. Miller, 669 F.2d 1125, 1126-27 (6th Cir. 1982). Accordingly, if Defendant meets its burden of going forward, the burden shifts back to Plaintiffs to demonstrate, by a preponderance of the evidence, that Defendant's articulated reason for the adverse actions is mere pretext. See Burdine, 450 U.S. at 254-56; McDonnell Douglas v. Green, 411 U.S. 792, 804 (1973); Wrenn, 808 F.2d at 501.

      "There are no hard and fast rules as to . . . what evidence is needed in order to establish pretext." Rowe v. Cleveland Pneumatic Co., Numerical Control, Inc., 690 F.2d 88, 97

(6th Cir. 1982).  The United States Court of Appeals for the Sixth Circuit has identified three models for proving pretext:

> (1)  evidence that the reason stated by the defendant had no basis in fact;
>
> (2)  evidence that that reason did not actually motivate the adverse employment action; and
>
> (3)  evidence that the reason was insufficient to warrant the adverse employment action.

See Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1084 (6th Cir. 1994)(citing McNabola v. Chicago Transit Authority, 10 F.3d 501, 513 (7th Cir. 1993)).  In Kline v. Tennessee Valley Authority, 128 F.3d 337, 346 (6th Cir. 1997), the court clarified that

> when the first or third findings of pretext are demonstrated, a court is permitted to infer discrimination from the circumstances. Thus, when a plaintiff proves that the defendant's proffered reasons either have no basis in fact or are insufficient to motivate [the adverse action], a permissive inference of discrimination arises.

(Citations omitted).  The court distinguished those two situations from the second pretext model identified in Manzer:

> the two situations discussed above [are distinguished] from the situation when the reasons offered by the defendant do not actually motivate the [adverse action].  In this situation, the plaintiff admits the factual basis underlying the employer's proffered explanation and further admits that

15

> such conduct <u>could</u> motivate [the adverse
> action]. . . . [I]n this situation, a
> plaintiff is required to introduce additional
> evidence of discrimination.

<u>Kline</u>, 128 F.3d at 346 (citations and quotation marks omitted;
emphasis in original).  The court stated that, unless the
plaintiff offers evidence of the type identified in the first or
third <u>Manzer</u> model, the plaintiff must "introduce additional
evidence of discrimination" in order to refute the defendant's
stated reason for the adverse employment action.  <u>Id</u>.

### i.  Plaintiff Angel

Defendant has represented that it selected Terry Joseph
Moorman and Dannie Long over Plaintiff Angel for two Materials
Specialist A positions in 2000 on the basis of their seniority.
Indeed, Plaintiff Angel concedes that Mr. Moorman had greater
adjusted seniority then he did.  He has not contended that the
adjustment that elevated Mr. Moorman above him on the seniority
list was racially motivated, and he has not attempted to
demonstrate that seniority was not the motivating factor in the
selection.  He has identified no other evidence of pretext with
respect to Defendant's reason for selecting Mr. Moorman, and
Defendant is entitled to summary judgment with respect to that
selection.

As regards the selection of Dannie Long over Plaintiff, Defendant states that Mr. Long had higher classified seniority and had previously occupied the same position at the same plant. While Plaintiff argues that he had greater company seniority than Mr. Long, he does not contest Defendant's representation that Mr. Long had greater classified seniority or that that distinction was the basis for his selection. Plaintiff has not identified evidence of pretext, and his contention that irregularities in the hiring process serve as such evidence fails. The identified "irregularities" are based upon Plaintiff's own version of events, which is supported only by his own recollection and speculation, which are tainted by his not having been a party to or privy to all of the relevant, clarifying events and facts. In any event, having failed to identify evidence of pretext, Plaintiff Angel cannot overcome Defendant's motion for summary judgment with respect to his claim for discriminatory failure to promote.

### ii.  Plaintiff Goines

The Court has concluded that Plaintiff Goines may be able to establish *prima facie* cases of discrimination with Defendant's failure to promote him to T&D Operations Analyst and Hourly Specialist in 2001. With respect to the T&D Operations Analyst position, Defendant has stated that it selected Rickey

17

Ramsey because he already occupied the position, albeit under a different title.  Defendant states that it selected Tom Maltry on the basis of his superior qualifications and relevant work experience.  Those reasons are legitimate and nondiscriminatory.  The burden is, therefore, upon Plaintiff Goines to identify evidence of pretext.  See Burdine, 450 U.S. at 254-56.

      Plaintiff Goines has not identified evidence suggesting that Rickey Ramsey did not already occupy the T&D Operations Analyst position under a different title or that that fact did not motivate Defendant's selection of Mr. Ramsey over Plaintiff.  He has not identified evidence tending to show that the superior qualifications and experience of Tom Maltry had no basis in fact or did not motivate Defendant's selection of Mr. Maltry.  In short, Plaintiff has not identified evidence from which a reasonable finder of fact might question the legitimate, nondiscriminatory reasons articulated by Defendant for its selection of Messrs. Maltry and Ramsey.  Defendant is, therefore, entitled to summary judgment with respect to Plaintiff Goines' claim, under § 1981, of discrimination in Defendant's failure to promote him to T&D Operations Analyst in March 2001.

      As regards the Hourly Specialist position, Defendant has stated that it selected Rylan Peters because of his superior academic qualifications and that it did not interview Plaintiff for the position because his resume did not reflect the type of

18

experience Defendant sought.  Specifically, Defendant states that the resume-screener perceived that Plaintiff Goines' experience was primarily manual.  Those reasons are legitimate and nondiscriminatory.  Accordingly, the burden is upon Plaintiff to identify evidence of pretext.  See Burdine, 450 U.S. at 254-56.

As "evidence" of pretext, Plaintiff Goines offers only citations to the deposition testimony of the decision-maker with respect to the position, Michael Hughes.  The Court has carefully considered the cited portions and finds no evidence of pretext. Mr. Hughes' testimony demonstrates, at best, that he recalls very little about the interview process.  He sheds no light upon the resume-screener's decision that Plaintiff would not be interviewed, and he does not undermine Defendant's representation that Rylan Peters' academic credentials were the basis for his selection.  Accordingly, Plaintiff Goines has not carried his burden of identifying evidence of pretext, and Defendant is entitled to summary judgment with respect to his claim, under § 1981, of discrimination in Defendant's failure to promote him to Hourly Scheduler in June 2001.

2.  Disparate Treatment (Plaintiffs Angel, Reed, and Goines)

In order to establish a *prima facie* claim of disparate treatment in the terms and conditions of employment, a plaintiff must identify evidence that tends to show that his employer

19

treated him less favorably than similarly-situated non-protected employees.  See Mitchell v. Toledo Hospital, 964 F.2d 577, 582 (6th Cir. 1992).  In order to do so, a plaintiff must identify evidence that tends to show, inter alia, that he is similarly situated in all material respects to the employee(s) to whom he compares himself.  See Hollins, 188 F.3d at 659.  The United States Court of Appeals for the Sixth Circuit has stated that in order to establish a prima facie case, a plaintiff must show that the employees to whom he compares himself were similarly-situated in all relevant respects.  See Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 802 (6th Cir. 1994).  See also Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998). The burden of proof with respect to the issue of comparability rests upon Plaintiff, who must "produce sufficient affirmative evidence to establish that the . . . employees with whom []he compares [his] . . . treatment were 'similarly situated. . . .'" Mitchell, 964 F.2d at 583.  Defendant seeks summary judgment with respect to all claims of disparate treatment in this action.

          a.  Plaintiff Angel

          In his memorandum in opposition to Defendant's motion for summary judgment, Plaintiff Angel refers only to two aspects of his employment in which he believes he suffered disparate treatment: Defendant's Targeted Selection interview procedure and

20

adjustments made to the seniority of certain employees.  He has
not, however, attempted to establish a *prima facie* case with
respect to either by identifying similarly-situated employees who
were subjected to different treatment.  Accordingly, he has not
carried his burden in opposition to Defendant's motion for
summary judgment, and Defendant is entitled to summary judgment
with respect to Plaintiff Angel's claims of disparate treatment.

b.  Plaintiff Reed

While Plaintiff Reed makes various assertions with
respect to disparate treatment in Plaintiffs' memorandum in
opposition to Defendant's motions for summary judgment, he has
not attempted to identify evidence in satisfaction of a *prima
facie* case with respect to any single condition of his
employment.  He refers to Caucasian employees whose seniority
Defendant adjusted or whose location was taken into account in
various bid processes, but he does not attempt to demonstrate
either that they were similarly-situated or that Plaintiff was
entitled to, but denied, similar treatment.  The same deficiency
plagues his assertions with respect to his participation in a
supervisor training program.  For those reasons, Defendant is
entitled to summary judgment with respect to Plaintiff Reed's
disparate treatment claims.

c.  Plaintiff Goines

21

In order to establish *prima facie* cases of disparate treatment, Plaintiff Goines identifies two incidents after which, he contends, Defendant subjected him to discipline while it did not discipline similarly-situated Caucasian employees.  The first incident involved his failure to respond to a page from the employer.  Plaintiff Goines has admitted that he received and heard the page.  He compares himself to two employees who did not receive or hear the pages for reasons of distance and ambient noise.  The distinction in the circumstances prevents Plaintiff from basing a disparate treatment claim upon the pager incident because those circumstances were considered material to the employer.  Moreover, Plaintiff Goines' assertion that the Caucasian employees were not subjected to discipline is contrary to the competent evidence identified by Defendant.

Plaintiff has also identified an incident in which he was subjected to discipline for failing to report that a co-worker had failed to wear appropriate protective gear.  Plaintiff claims that Bill Tallman, a similarly-situated Caucasian employee, was not subjected to discipline for similar conduct.

Plaintiff has offered evidence of surface similarities between the pertinent circumstances.  He has not, however, identified evidence that tends to establish that distinctions such as the level of interaction between the employee and co-worker in question, the supervisor involved, and the level of

involvement of the employee in the co-worker's choice were not material.  He has not, therefore, carried his burden of identifying evidence tending to show that he was similarly-situated in all material respects to Bill Tallman.  For those reasons, Defendant is entitled to summary judgment with respect to Plaintiff Goines' disparate treatment claims.

> 3.  Hostile Environment (Plaintiffs Angel, Reed, and Minor)

Three of the Plaintiffs allege that they were subjected to racially hostile work environments while employed by Defendant.  In order to establish a *prima facie* case of racial harassment in the context of an alleged racially hostile work environment, a plaintiff must come forward with evidence of each of the following:

> (1) the employee is a member of a protected class; (2) the employee was subject to unwelcomed . . . harassment. . .; (3) the harassment complained of was based on [race]; (4) the . . . harassment had the effect of unreasonably interfering with the employee's work performance and creating an intimidating, hostile, or offensive work environment . . .; and (5) *the existence of respondeat superior liability.*

Fleenor v. Hewitt Soap Co., 81 F.3d 48, 49 (6th Cir.)(emphasis in original), cert. denied, 519 U.S. 863 (1996).  In determining whether conduct is sufficiently severe or pervasive to support liability, a court must look to the totality of the

circumstances.  See Bowman v. Shawnee State University, 220 F.3d
456, 463 (6th Cir. 2000).  Factors to be considered include "the
frequency of the discriminatory conduct; its severity; whether it
is physically threatening or humiliating, or a mere offensive
utterance; and whether it unreasonably interferes with an
employee's work performance."  Id. (quotation marks omitted).

        a.  Plaintiff Angel

        In the portion of Plaintiffs' memorandum in opposition
to Defendant's motion for summary judgment that relates to
Plaintiff Angel's racial harassment claim, Plaintiffs have
identified as evidence of a racially hostile work environment a
series of incidents involving a white co-worker, Dave Hatfield.
While Mr. Hatfield's alleged conduct was offensive, intimidating,
and possibly harassing, Plaintiffs have not identified evidence
that tends to suggest that it was based upon the race of
Plaintiff Angel or any of the other alleged victims.
Accordingly, evidence of those incidents, including an alleged
assault upon Plaintiff Angel's African-American co-worker Bruce
Headen, do not satisfy the third prong of the of prima facie
case.

        Plaintiff Angel has also identified evidence suggesting
that two of his co-workers mentioned in his presence that the
hood on a white sweatshirt or jacket issued by Defendant reminded

24

them of the hoods of Ku Klux Klan robes.  Neither of the co-
workers made the comparison with approval or any hint that he
shared any of the opinions of the racist organization.  Both
apologized when Plaintiff Angel voiced offense.  The Court is not
persuaded that those incidents constituted harassment in
satisfaction of the second prong of the *prima facie* case.

The same deficiency attends the final piece of evidence
Plaintiff Angel has identified.  He refers to the use of the
offensive epithet beginning with the letter "n" in a diversity
training film he viewed as part of his employment.  As the
Court's gyrations in an attempt to avoid the use of the word in
the previous sentence indicate, its use is sometimes necessary in
the context of discussing inappropriate and offensive conduct in
various settings.  Plaintiff Angel may have been offended, but
Defendant's use of the film does not qualify as harassment, and
Plaintiff Angel cannot prove the second prong of the *prima facie*
case by reference to the film.  Defendant is entitled to summary
judgment with respect to Plaintiff Angel's racial harassment
claim for those reasons.

b.  Plaintiff Reed

In the portion of Plaintiffs' memorandum in opposition
to Defendant's motion for summary judgment that relates to
Plaintiff Reed's racial harassment claim, Plaintiffs have

25

identified only one alleged incident of racial harassment. Plaintiff Reed states that Greg Senior, a supervisor, made an offensive reference to Hispanic people in Plaintiff Reed's presence.  That one incident fails as evidence in support of at least two prongs of the *prima facie* case.  It was not directed at Plaintiff Reed, and, therefore, does not satisfy the second prong.  It could not reasonably have interfered with Plaintiff's work performance to the extent necessary to satisfy the fourth prong.  Defendant is, therefore, entitled to summary judgment with respect to Plaintiff Reed's racial harassment claim.

c.  Plaintiff Minor

In response to Defendant's motion for summary judgment
with respect to his racial harassment claim, Plaintiff Minor has
identified evidence of several incidents.  The Court first
observes that a substantial portion of those incidents occurred
while Plaintiff Minor was employed at Defendant's Loveland
substation.  His assignment there ended in 1997.  The Loveland
incidents fall well outside the statute of limitations periods
applicable to Plaintiff Minor's claim, whether asserted under
Title VII or 42 U.S.C. § 1981.  Jones, 541 U.S. at 1845;
Janikowski, 823 F.2d at 947.

A continuing violation theory may save some claims
based upon incidents outside the applicable limitations period.
Under the continuing violation theory, "where there is an
ongoing, continuous series of discriminatory acts, they may be
challenged in their entirety as long as one of those
discriminatory acts falls within the limitations period."
Haithcock v. Frank, 958 F.2d 671, 677 (6th Cir. 1992).  That
theory applies only when the incidents outside the statutory
limitations period are connected to those that are timely
asserted.  In this case, the change in Plaintiff's duty station
eliminates any claim of connection sufficient to bring the
alleged Loveland incidents into consideration, absent evidence of
an overarching policy or practice of harassment applicable

27

company-wide.  Plaintiff Minor has not introduced evidence of
such a policy or practice.

In 1997, Plaintiff Minor became a Customer Service
Representative D.  He has identified evidence of some incidents
of alleged racial harassment during his employment in that
capacity.  The sum of Plaintiffs' memorandum in that regard is as
follows:

> When Minor worked for Joyce Appelbaum as a Customer
> Service Representative D, he heard Appelbaum make
> racially derogatory comments.  Minor Dep. I:152.  When
> Minor was dating a white female, Appelbaum said that
> the whole department was talking about it.  Minor Dep.
> I:153.  On another occasion, Appelbaum said to him that
> the white employees did not understand why blacks have
> a special day like Martin Luther King Day.  Minor Dep.
> I:153.  When Minor was dating Susan Hoffman, a white
> co-worker, Appelbaum told Minor that the whole
> department talked about his relationship with her and
> that people did not like inter-racial couples.  Minor
> Dep. I:157.  Minor felt that Appelbaum was hostile to
> both white and black employees, but more so to the
> black employees.  Minor Dep. I:186.

Plaintiffs' memorandum in opposition (Doc. 105), p.24.

Having reviewed the cited portions of Plaintiff Minor's
deposition with an eye, especially, for incidents occurring
within the applicable statute of limitations periods, the Court
has gleaned the following.  In approximately late 2001 or early
2002, Joyce Appelbaum asked a female employee what her
nationality was.  When the woman responded that she was from the
Philippines, Joyce Appelbaum said something like "oh, whatever."

Sometime in 1999, approximately, Ms. Appelbaum told Plaintiff Minor that everyone in his department was talking about his long-term relationship with a white female co-worker.  She told him that people did not like the relationship.  Plaintiff Minor recalls that the inter-racial nature of the relationship was an expressed reason for his fellow employees' attitudes.

The Court first observes that only the first of those incidents was within the 300-day period that preceded his July 16, 2002, charge of discrimination.  That period encompassed events occurring from September 20, 2001, to July 16, 2002.  The second incident outlined above occurred prior to the commencement of the limitations period.

The evidence does not, in any event, support a *prima facie* case of racial harassment.  Ms. Appelbaum may have been insensitive and her comments inappropriate.  They do not amount, however, to severe or pervasive intimidating, hostile, or offensive conduct giving rise to liability under § 1981.  They are "mere offensive utterance[s]" that do not support liability.  See <u>Bowman</u>, 220 F.3d at 463.  Defendant is, therefore, entitled to summary judgment with respect to Plaintiff Minor's racial harassment claim.

29

4.  Discriminatory Discharge and Retaliation
    (Plaintiff Minor)

After Plaintiffs initiated this lawsuit, Plaintiff Minor was arrested in Kentucky and, in early 2003, was discharged from his employment.  He asserts a claim that the discharge was an act of racial discrimination and retaliation.  The Court observes, however, that he has not identified direct evidence that either race or retaliatory animus was a factor in the discharge decision.  He has also failed to identify evidence in satisfaction of each prong of the applicable *prima facie* cases. He has not attempted to demonstrate that he was replaced by an individual who was not a member of his protected class, that a similarly-situated employee who was not a member of his protected class was subjected to more favorable treatment, or that his discharge was causally connected to any protected activity on his part.  Accordingly, the Court concludes that Defendant is entitled to summary judgment with respect to Plaintiff Minor's claims relating to his discharge.  See Mitchell, 964 F.2d at 582 (re: prongs of disparate treatment *prima facie* case); Canitia v. Yellow Freight System, 903 F.2d 1064, 1066 (6th Cir.)(prongs of retaliation *prima facie* case), cert. denied, 498 U.S. 984 (1990); Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986)(prongs of discriminatory discharge *prima facie* case).

C. <u>Conclusion</u>

For those reasons, Defendant's motions for summary judgment (Doc. 99, Doc. 101, Doc. 102, Doc. 103) are hereby **GRANTED** in their entirety.  Defendant's motion to sever (Doc. 100) is **MOOT.**  This action is **CLOSED.**

**IT IS SO ORDERED.**

_____/s/_____
Sandra S. Beckwith, Chief Judge
United States District Court
